THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGENCY APARTMENTS VANCOUVER LLC,<br><br>                Plaintiff,<br>    v.<br><br>THE SHERWIN-WILLIAMS COMPANY d/b/a UNIFLEX COATINGS,<br><br>                Defendant. | CASE NO. C20-5026-JCC<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court *sua sponte*. Plaintiff Regency Apartments Vancouver LLC alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy is more than $75,000. (*See* Dkt. No. 1 at 1–2.) Defendant The Sherwin-Williams Company admits that jurisdiction is proper. (*See* Dkt. No. 8 at 2.) However, the Court has an independent obligation to determine it has jurisdiction and must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Here, Plaintiff's complaint does not provide sufficient information to allow the Court to determine whether it has subject-matter jurisdiction over this matter.

      "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437

F.3d 894, 899 (9th Cir. 2006)). Accordingly, to properly plead diversity jurisdiction, Regency Apartments Vancouver LLC was required to plead "the citizenship of all of [its] members" and show that there was complete diversity at the time the case was filed. *Id.* at 611. It did not. (*See* Dkt. No. 1 at 1–2.) Further, Regency Apartments' corporate disclosure statement does not include information required by Local Civil Rule 7.1 that the Court could use to evaluate whether it has subject-matter jurisdiction. (*See* Dkt. No. 4.)

Even so, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at 612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings." *Id.*; *see also* 28 U.S.C. § 1653. Accordingly, the Court ORDERS Plaintiff Regency Apartments Vancouver LLC to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction by, within fourteen days of the date of this order, filing a corporate disclosure statement that complies with Local Civil Rule 7.1 and an amended complaint that alleges the members of Regency Apartments Vancouver LLC and their citizenship as of the date the complaint was filed. The Court does not grant leave to amend any other allegations in the complaint.

DATED this 2nd day of December 2020.

                                                                         John C. Coughenour
                                                                         UNITED STATES DISTRICT JUDGE